Keybank, N.A. v Meagher
2026 NY Slip Op 03035
May 14, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Keybank, N.A., Respondent,
v
Sean F. Meagher, Appellant, et al., Defendants.

Decided and Entered:May 14, 2026
CV-24-1928
Calendar Date: March 25, 2026
Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Callegari Law, PC, Bay Shore (Dominick J. Callegari of counsel), for appellant.
LOGS Legal Group LLP, Rochester (Virginia C. Grapensteter of counsel), for respondent.

[*1]
Garry, P.J.
Appeals from two orders of the Supreme Court (Adam Silverman, J.), entered October 16, 2024 in Rensselaer County, which, among other things, granted plaintiff's motion for summary judgment.
In 1996, defendant Sean F. Meagher, defendant Christina M. Meagher and nonparty Philip Meagher executed a promissory note secured by a mortgage on certain real property located in Rensselaer County. Defendant Nancy A. Meagher became a record owner of the property after the death of Philip Meagher. In 2023, plaintiff, as alleged successor by merger to the original lender, commenced this foreclosure action against Sean Meagher, Christina Meagher and Nancy Meagher (hereinafter collectively referred to as the borrowers), among others, based upon alleged payment default. The borrowers joined issued and asserted various affirmative defenses, including lack of standing and noncompliance with notice requirements. Plaintiff later moved for summary judgment against the borrowers. Sean Meagher (hereinafter Meagher) opposed. Supreme Court rejected Meagher's defenses and granted plaintiff's motion. Meagher appeals.
"To establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (Canara Bank v Veria Lifestyle, Inc., 245 AD3d 1089, 1090 [3d Dept 2026] [internal quotation marks, brackets and citations omitted]; see 1900 Capital Trust II v Jakobovitz, 239 AD3d 1211, 1212 [3d Dept 2025]). "Where, as here, a defendant raises the affirmative defense of standing, a plaintiff must also establish standing by submitting proof that it was the holder or assignee of both the mortgage and the note at the time that the action was commenced" (MTGLQ Invs., LP v Carmody, 242 AD3d 1388, 1392 [3d Dept 2025] [internal quotation marks and citations omitted]; see U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1407 [3d Dept 2021]).
Initially, plaintiff established standing by demonstrating that, through a series of corporate mergers, the subject note and mortgage devolved to it before this action was commenced. The "Banking Law establishes that a receiving corporation in a merger holds all the same rights as each corporation merged into it" (Wells Fargo Bank, N.A. v Pauley, 172 AD3d 1559, 1561 [3d Dept 2019]; see MTGLQ Invs., L.P. v Miciotta, 204 AD3d 1119, 1121 [3d Dept 2022]; see also Banking Law § 602). In support of its motion, plaintiff submitted screenshots from the Federal Deposit Insurance Corporation website, as well as the web address therefor, reflecting a chain of mergers culminating in plaintiff as the succeeding institution to the original lender. Contrary to Meagher's contention, Supreme Court properly considered this evidence. Assuming, without deciding, that an inadequate foundation was laid for its admission as a business record of plaintiff, it is well established that courts may take judicial notice of information contained on official government websites (see Matter [*2]of Katonah-Lewisboro Union Free Sch. Dist. v New York State Educ. Dept., 243 AD3d 66, 71 [3d Dept 2025], lv granted 45 NY3d 903 [2026]; Maisto v State of New York, 196 AD3d 104, 116 n 11 [3d Dept 2021]; People v Eden, 95 AD3d 1446, 1447 n [3d Dept 2012], lv denied 19 NY3d 1025 [2012]). We reject any assertion that the court improperly conducted an independent investigation into the matter as the merger information was submitted by plaintiff and squarely addressed by Meagher in opposing plaintiff's motion (compare OneWest Bank, FSB v Berino, 158 AD3d 811, 813 [2d Dept 2018]; HSBC Bank USA, N.A v Taher, 104 AD3d 815, 818 [2d Dept 2013]). No issues of fact were raised in opposition to the foregoing, and standing was therefore established as a matter of law (see Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1291, 1293 [2d Dept 2020]; Wells Fargo Bank, N.A. v Pauley, 172 AD3d at 1560-1561; PNC Bank, N.A. v Klein, 125 AD3d 953, 955 [2d Dept 2015], lv dismissed 26 NY3d 1078 [2015]).
Supreme Court also correctly found that plaintiff demonstrated strict compliance with RPAPL notice requirements. As relevant here, RPAPL 1304 provides that, with regard to a home loan, a lender, assignee or mortgage servicer must provide a borrower at least 90 days' notice before commencing a mortgage foreclosure action against them (see RPAPL 1304 [1]). That notice must include, among other information, "a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from [D]epartment of [F]inancial [S]ervices" (hereinafter DFS) (RPAPL 1304 [2]). The statute thus further directs that DFS "shall make available on its websites a listing, by county, of such agencies," and "[t]he lender . . . shall use such lists to meet the requirements of this section" (RPAPL 1304 [2]).
Here, plaintiff submitted proof that it timely sent RPAPL 1304 notices via first-class mail together with the complete, then-current, statewide list of housing counseling agencies published by DFS. Although that statewide list identified fewer than five agencies specifically serving Rensselaer County, RPAPL 1304 expressly directs lenders to utilize DFS's published lists to satisfy the subject requirement, and plaintiff's provision thereof to the borrowers therefore is deemed prima facie evidence of compliance with the statute. The cases relied upon by Meagher are distinguishable, as they involved failures to demonstrate use of DFS's complete lists or deficiencies in their content (see e.g. U.S. Deutsche Bank Natl. Trust Co. v Pariser, 207 AD3d 518, 521 [2d Dept 2022]; Hudson Val. Fed. Credit Union v Tavares, 206 AD3d 891, 892 [2d Dept 2022]; U.S. Bank N.A. v Gordon, 202 AD3d 872, 874-875 [2d Dept 2022]; CV XXVII, LLC v Trippiedi, 187 AD3d 847, 850-851 [2d Dept 2020]). In the absence of evidence that plaintiff deviated from the prescribed list or that its notice was otherwise defective, Meagher failed to raise a triable issue of fact [*3]in opposition. By extension, Meagher's RPAPL 1306 argument also fails.
Finally, plaintiff established default through the affidavit of its banking officer and the accompanying business records showing that the borrowers defaulted on their obligations under the note and mortgage beginning December 1, 2019. The affiant averred that she was familiar with plaintiff's record-keeping practices and that the records were made and maintained in the regular course of business. She further explained that any records received from prior servicers were incorporated into plaintiff's system and routinely relied upon in its business. This foundation was sufficient to render the records admissible under CPLR 4518 (a) (see U.S. Bank Trust, N.A. v Greer, 223 AD3d 1128, 1129 [3d Dept 2024], lv dismissed 42 NY3d 982 [2024]). As noted by Supreme Court, the fact that the records were "[g]enerated" — or accessed and printed — during the course of this action does not convert them into documents created in preparation for litigation, as the underlying data was recorded contemporaneously with the transactions it reflects. Meagher's opposition consisted of only a speculative attack on the veracity of the affidavit.
Plaintiff having established its prima facie entitlement to judgment as a matter of law, and Meagher having failed to raise a triable issue of fact in opposition, Supreme Court properly granted the motion for summary judgment.
Reynolds Fitzgerald, Powers, Mackey and Ryba, JJ., concur.
ORDERED that the orders are affirmed, with costs.